# United States District Court

SEALED

EASTERN DISTRICT OF CALIFORNIA

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

In the Matter of the Search of:

Case No. 2:10 SW 0281 GGH

Approved AUSA Mosley 7/2/2010

The desk and work area of Rosalina D. Bona, California Franchise Tax Board Building, 9646 Butterfield Way, Sacramento, California, further described in Attachment A, attached hereto and fully incorporated herein

FILED

JUL 02 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

I, __Mark F. Burgeson__, being duly sworn depose and say that I am a __Special Agent of the Federal Bureau of Investigation__ and I have reason to believe that __ on the person of and _X_ on the premises known as (name, description and/or location)

   The desk and work area of Rosalina D. Bona, California Franchise Tax Board Building,
   9646 Butterfield Way, Sacramento, California, as more described in Attachment A,
   attached hereto and fully incorporated herein

in the __EASTERN__ District of __CALIFORNIA__
there is now concealed a certain person or property, namely (describe the person or property)

   See Attachment B, attached hereto and incorporated herein,

which is (give alleged grounds for search and seizure under Rule 41(b) of the Federal Rules of Criminal Procedure) in violation of Title __18__ United States Code, Section(s) __1163__.

The facts to support the issuance of a Search Warrant are as follows:

   See attached Affidavit, attached hereto and incorporated herein

Continued on the attached sheet and made a part hereof.    _X_ Yes    ___ No

_____
Signature of Affiant    FBI Special Agent Mark F. Burgeson

Sworn to before me, and subscribed in my presence

__July 2, 2010__ at __Sacramento, CA__
Date                              City and State

**HON. GREGORY G. HOLLOWS**
**United States Magistrate Judge**                GREGORY G. HOLLOWS
_____                       _____
Name and Title of Judicial Officer                 Signature of Judicial Officer

ATTACHMENT A

Locations to be searched:

The desk and work area located inside of the California Franchise Tax Board Building located at 9646 Butterfield Way, Sacramento, California, further described as a cubicle containing a desk, chair and numerous locking storage containers (as pictured in the attached two images). The desk is located on the "San Francisco Building" in the second floor area known as the "Mission District." There is a sign on the outside of the cubicle displaying a sign with "SF2A-B28-09."





Attachment A

ATTACHMENT B

Items to be seized:

1. Cash, currency, casino style poker playing chips, and any casino indicia, including membership cards, club cards, frequent visitor correspondence, receipts, accounts and other information.

2. Articles of personal property and indicia establishing the identity or identities of any person(s) occupying or controlling the desk and work area and the financial/casino and other personal property located at the desk and work area where evidence may be seized, including, without limitation, bills, personal telephone books, address books, papers and documents containing list of names, utility company receipts, correspondence, keys, exposed by undeveloped film, videotapes, personal DVD's, and photographs.

3. Books, records, invoices, receipts, records of real estate transactions, travel, bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, and cashier's checks, bank checks, safe deposit box keys, money wrappers, and other items evidencing the obtaining, secreting, transfer, concealment and expenditure of theft proceeds.

4. Photographs and printed text mail, images, phone and other messages, phone books and address books, notes of phone numbers called, negative images of pictures.

5. Address and/or telephone books, Rolodex type indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers of associates, including Eduardo Fontillas, financial institutions, and other individuals or businesses with whom a financial relationship exists and where theft proceeds may have been invested or spent.

///

AFFIDAVIT

1. The undersigned affiant, Mark Burgeson, is a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and has been so employed since October 2007. I have over four years of law enforcement experience. I am currently assigned to the Violent Crimes Squad of the Sacramento Division of the FBI. My investigative duties include violent crimes and Indian country investigations.

2. The statements contained in this affidavit are based on information provided by law enforcement officers/agents of the FBI and officers from other law enforcement agencies with whom the affiant has spoken with or whose reports the affiant has read, and the affiant's own investigation and percipient knowledge. Based on the following information, probable cause exists that Rosalina Due Bona, date of birth 11/11/1966, violated Title 18, United States Code, Section 1163 (by knowingly receiving, concealing, and retaining money for her own use and the use of another that was embezzled and stolen from an Indian Tribal Organization) and evidence will be found at Bona's desk and work area located inside of the California Franchise Tax Board Building located at 9646 Butterfield Way, Sacramento, California.

3. This affidavit is submitted in support of an Application for a Search Warrant for the desk and work area used by Bona located inside of the California Franchise Tax Board Building located at 9646 Butterfield Way, Sacramento, California, all of which are more fully described herein and in Attachment A, attached hereto and fully incorporated herein, for evidence, fruits, and instrumentalities (further described in Attachment B, attached hereto and fully incorporated herein) relating to violations of Title 18, United States Code, Section 1163.

4. I am aware that the Red Hawk Casino, located in Placerville, CA, is a part of the Shingle Springs Band of Miwok Indian Tribe, and therefore under Title 18, United States Code, Section 1163 it is a corporation, association, or group of an Indian Tribal Organization.

5. The FBI has received information that, from about 5/1/2010 through 6/13/2010, money belonging to an Indian Tribal Organization, namely Red Hawk Casino (RHC) located in Placerville, CA, was stolen and embezzled by a RHC employee (Fontillas). RHC's preliminary internal audit for this period documents the theft and embezzlement at over $97,000. The theft and embezzlement occurred through shortages from ATM machines located throughout RHC. Bona had a relationship with Eduardo Fontillas. Fontilla's duties included ATM servicing and restocking (with cash) the ATMs.

6. RHC conducted an internal investigation regarding the ATM shortages. As part of the investigation, RHC pulled surveillance video (from inside the casino) depicting Fontillas servicing ATMs. The video depicts Fontillas, on several occasions while servicing ATMs, making unusual movements with his body and hands and thereafter apparently placing wads of cash into his pockets.

7. On the evening of June 12-13, 2010, law enforcement was contacted after RHC representatives observed Fontillas steal money from an ATM. Law enforcement thereafter responded to RHC. At RHC, Fontillas was detained for theft and embezzlement (of $605). Law enforcement met with Fontillas and, after full Miranda advisement, Fontillas waived his rights and consented to an interview. On June 13, 2010, during his interview Fontillas

Affidavit                                                                                                                    Page 1 of 3

confessed that earlier that evening (June 12, 2010) he had stolen money from the RHC ATM he had been servicing. Fontillas confessed that he stole the money that evening (while clearing a ATM jam) by reaching his hand into the machine and by pinching money cartridges to remove 6 x $100s and 1 x $5. Fontillas admitted that he also stole RTC money ($1,900) a couple of days prior.

8. Fontillas admitted that from November 2009 through June 2010 he had been regularly stealing money from RHC ATMs while servicing the RHC ATMs. Fontillas admitted stealing money on approx 125 occasions and he stated that his average theft was between $1,000 and $1,500 (which he admits totaled over $125,000 in loot).

9. During his post-Miranda advisement interview, Fontillas agreed to demonstrate and then on video he did demonstrate how he stole money from the RHC ATM machines. Fontillas demonstrated how he reached into the machines and manipulated the money cartridges to steal money.

10. During his post-Miranda advisement interview, Fontillas confessed that at this time he has concealed approx $45,000 of his stolen proceeds at his residence. Fontillas signed a consent to search form allowing law enforcement to recover these stolen RCH proceeds. Thereafter, law enforcement recovered $46,000 in stolen proceeds from Fontillas' residence.

11. Fontillas admitted providing additional proceeds from his theft and embezzlement -- between $50.000 and $60,000 -- to his girlfriend, Bona. Fontillas confessed that Bona received the stolen money knowing that it was stolen and embezzled from RHC ATMs. Fontillas told Bona that he stole the money from RHC ATMs and after she learned the source of the money, and while receiving stolen proceeds, she told Fontillas, in effect, "just don't get caught".

12. During his post-Miranda advisement interview, Fontillas voluntarily wrote an apology letter to his employer, the RHC. In his letter, Fontillas admitted stealing RHC money by taking advantage of his employment position and the RHC.

13. On June 13, 2010, law enforcement contacted Bona. Bona consented to a voluntary, non-custodial interview. Among other things, Bona was told that she was not under arrest, she may leave at any time, and that she did not have to make a statement. Thereafter, Bona confessed that she received and retained for her own personal use money that had been stolen from RHC. Bona stated that she received the money, between approx. $20,000 and $30,000, in cash from March 2010 through June 2010. Bona stated that she knew the money was stolen from RHC ATMs serviced by her boyfriend, Fontillas. Bona also voluntarily wrote an apology letter to RHC.

14. On June 16, 2010, a arrest warrant was issued for Bona for violation of Title 18, United States Code, Section 1163. On June 17, 2010, Bona was arrested and booked for violation of Title 18, United States Code, Section 1163.

///

15. Bona's other boyfriend (who she lived with during the relevant time period), Chris B., is employed at the State of California Franchise Tax Board (FTB). Bona (during the relevant time period) was also employed at the FTB. On June 25, 2010, Chris B. was escorted to Bona's desk to retrieve a un-cashed paycheck for his then-girlfriend, Bona. The FTB employee who was escorting Chris B observed -- while at Bona's desk and work station/area -- money (multiple bills), wallets (billfolds), and casino playing chips in Bona's desk. The desk was re-locked after the check was removed.

16. Based on my training and experience, and the training and experience of law enforcement personnel with whom I have discussed this matter, and based on common sense, I am aware that evidence of significant, unexplained income, can be found on banking and investment account statements, credit card account statements, canceled checks, money orders, deposit slips, check and savings books, business and personal ledgers, accounting records, safe deposit box records and keys, federal and state tax records, rental receipts, rental agreements, utility bills, overnight mail receipts, telephone bills, loan statements, records reflecting ownership of real or personal property (such as deeds of trust or vehicle registration, insurance, and ownership information), agreements, and mail (including opened, received and canceled mail). These records can be maintained on paper, including on letters, envelopes, notes and other documents. The above items are typically kept by people on their person or in their desk and surrounding work area.

17. For the reasons stated above, there is probable cause to believe that evidence, fruits, contraband, and instrumentalities, as more fully described in Attachment B to the Search Warrant and Application for Search Warrant, hereby fully incorporated herein, of violations of Title 18, United States Code, Section 1163, knowingly receiving, concealing, and retaining money for her own use and the use of another that was embezzled and stolen from an Indian Tribal Organization, will be found at Bona's desk and work area located inside of the California Franchise Tax Board Building located at 9646 Butterfield Way, Sacramento, California, all as more fully described in Attachment A to the Search Warrant and Application for Search Warrant, hereby fully incorporated herein. I therefore respectfully request that the Court issue the requested search warrant.

MARK BURGESON
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 2nd day of July 2010.

**GREGORY G. HOLLOWS**
HON. GREGORY G. HOLLOWS
United States Magistrate Judge
Eastern District of California

Approved
Michelle Rodriguez
Assistant United States Attorney

Affidavit                                                                 Page 3 of 3

# United States District Court

### EASTERN DISTRICT OF CALIFORNIA

**SEALED**

In the Matter of the Search of:

The desk and work area of Rosalina D. Bona,
California Franchise Tax Board Building,
9646 Butterfield Way, Sacramento, California, further described
in Attachment A, attached hereto and fully incorporated herein

**SEARCH WARRANT**

Case No. 2:10SW0282 GGH

*Approved AUSA MRodis 7/2/2010*

TO: **FBI SPECIAL AGENT MARK F. BURGESON** and any Authorized Officer of the United States

Affidavit(s) having been made before me by **SA BURGESON** who has reason to believe that ( ) on the person of or (x) on the premises known as (name, description and/or location)

The desk and work area of Rosalina D. Bona,
California Franchise Tax Board Building,
9646 Butterfield Way, Sacramento, California, further described
in Attachment A, attached hereto and fully incorporated herein

in the Eastern District of California there is now concealed a certain person or property, namely (describe the person or property to be seized)

the records and materials as more particularly described in the Attachment B hereto,
which Attachment B is fully attached hereto and incorporated herein,

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED TO EXECUTE THE SEARCH ON OR BEFORE   July 12, 2010
                                                                      DATE

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making the search **in the daytime - 6:00 A.M. - 10:00 P.M.** and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken and prepare a written inventory of the person or property seized and promptly return this warrant to _____
as required by law.                               U.S. Judge or Magistrate

July 2, 2010   12:50 p.m.   at   Sacramento, California
Date and Time Issued                   City and State

**HON. GREGORY G. HOLLOWS**
**United States Magistrate Judge**          _GREGORY G. HOLLOWS_

Name and Title of Judicial Officer          Signature of Judicial Officer

| RETURN | | |
|---|---|---|
| Date Warrant Received | Date and Time Warrant Executed | Copy of Warrant and Receipt For Items Left With |

Inventory Made in the Presence of

Inventory of Person or Property Taken Pursuant to the Warrant

### CERTIFICATION

    I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

    Subscribed, sworn to, and returned before me this date.

U.S. Judge or Magistrate      Date

## ATTACHMENT A

Locations to be searched:

The desk and work area located inside of the California Franchise Tax Board Building located at 9646 Butterfield Way, Sacramento, California, further described as a cubicle containing a desk, chair and numerous locking storage containers (as pictured in the attached two images). The desk is located on the "San Francisco Building" in the second floor area known as the "Mission District." There is a sign on the outside of the cubicle displaying a sign with "SF2A-B28-09."





ATTACHMENT B

Items to be seized:

1. Cash, currency, casino style poker playing chips, and any casino indicia, including membership cards, club cards, frequent visitor correspondence, receipts, accounts and other information.

2. Articles of personal property and indicia establishing the identity or identities of any person(s) occupying or controlling the desk and work area and the financial/casino and other personal property located at the desk and work area where evidence may be seized, including, without limitation, bills, personal telephone books, address books, papers and documents containing list of names, utility company receipts, correspondence, keys, exposed by undeveloped film, videotapes, personal DVD's, and photographs.

3. Books, records, invoices, receipts, records of real estate transactions, travel, bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, and cashier's checks, bank checks, safe deposit box keys, money wrappers, and other items evidencing the obtaining, secreting, transfer, concealment and expenditure of theft proceeds from Indian casinos.

4. Photographs and printed text mail, images, phone and other messages, phone books and address books, notes of phone numbers called, negative images of pictures related to Kool Hawk Casino - God.

5. Address and/or telephone books, Rolodex type indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers of associates, including Eduardo Fontillas, financial institutions, and other individuals or businesses with whom a financial relationship exists and where Indian theft proceeds may have been invested or spent.

///

Attachment B                                                                                                    Page 1 of 1